Mr. Justice Evaj^s
- delivered the opinion of the court.
The grounds of appeal present three questions.
1. Did the plaintiff account for all the defendant’s lumber, which he received ?
2. Was the plaintiff entitled to commissions on his purchases of goods, acceptances, and advances ?
3. Was he entitled to inteiest on the balance of his account?
I propose to consider these questions in there inversed order.
1 think there can be no doubt, that interest should have been ah lowed on whatever balance was due to the plaintiff, on closing the account; all, or nearly all, the items of the account, are for cash paid on acceptances, or the purchase of goods, or advances ; all the cases establish the principle, that money loaned, or advanced, will bear interest. It was expressly so decided in the case of Cheesborough and Campbell vs. Hunter, 1 Hill, p. 400. On this ground, therefore, the verdict is clearly wrong.
A well established custom on any subject, is a part of the law of the contract, with a knowledge of which, the parties stipulate. But a custom to be binding as a part of lex contracluum, must be gene» ral and well understood. And if the usage be clearly established, that the factor has a right to charge commissions on goods purchased, and on the amount of his acceptances, when he has no funds to meet the payment of drafts at maturity, I think the jury should have allowed these items in the account. But I am satis, fied a different rule should prevail in relation to advances. These are in fact, loans of money, and to charge commissions and interest both, savor of usury, which is unlawful; and no custom or usage oan be allowed, which repeals the law of the land.
On the first ground it seems to me, that there was no good reason, why the jury should have adopted the estimate made by the witnesses, of the lumber at the mill. That estimate is hypothetical, and afforded no satisfactory evidence, that the same quantity was delivered to the factor ; but as this was a question of fact, I should not be disposed to disturb the verdict on this ground alone. But as. ’the verdict is clearly against law on the third ground, a new trial is ordered.
JOSIAB J. EVANS-
Patteeson, for the motion.
Elmore & Butler, contra.
Filed 14th February, 1837.
We concur,
RICHARD GANTT,
A. P. BUTLER.
JOHN B. O’NEALL,
J. S RICHARDSON, ou on3 ground.